ANDREW J. NELSON
Assistant Federal Defender
Federal Defenders of Montana
Missoula Branch Office
125 Bank Street, Suite 710
Missoula, MT 59802
Phone: (406) 721-6749
Fax: (406) 721-7751
Email: andy_nelson@fd.org

Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KYLE ROBERT WICK,<br><br>Defendant. | **CR 15-30-M-DLC**<br><br>**BRIEF IN SUPPORT OF MOTION TO DISMISS FOR MULTIPLICITY, DUPLICITY, AND OTHER RULE 12 DEFICIENCIES** |

Kyle Robert Wick has been charged by indictment with three counts of transfer, possession, and manufacture or dealing of firearms not registered in the National Firearms Registration & Transfer Record, in violation of 26 U.S.C. §§ 5861(a), (d), and (e) (Counts I, II, and IV); one count of possession and transfer of a machinegun in violation of 18 U.S.C. § 922(o) (Count III); and one count of dealing in firearms without a license in violation of 18 U.S.C. § 922(a)(1)(A) (Count V).

As argued in separately filed motions and briefs, the indictment is a mishmash of inconsistent and internally conflicting allegations. With this motion, defendant seeks to dismiss duplicitous and multiplicitous charges, along with lesser included offenses, pursuant to Rule 12, Fed.R.Crim.P. The defendant further seeks to resolve constitutional issues raised by prosecuting the same conduct simultaneously under two statutory schemes, another aspect of multiplicity. Notably, defendant seeks pretrial relief based on fundamental notions of due process.

## ARGUMENT

**1.    Count II is duplicitous as it charges two distinct offenses in a single count.**

Rules 12(b)(3)(B)(i) and (ii), Fed.R.Crim.P. require that any motions based on duplicity or mulitplicity be raised pretrial. Fed. R. Crim. P. 8(a) permits the joinder of two or more offenses in the same indictment, but requires that each be stated in a separate count. *United States v. Stanley*, 597 F.2d 866, 871 (4th Cir. 1979). In *Stanley*, the Fourth Circuit reversed a conviction and dismissed a count where the government had joined two separate violations of the felon in possession of a firearm statute "in a single duplicitous count." *Id*. at 871.

Duplicity is the joining of two or more distinct offenses in a single count. *United States v. Aguilar*, 756 F.2d 1418, 1422-23 (9th Cir. 1985). "One vice of duplicity is that a jury may find a defendant guilty on a count without having reached a unanimous verdict on the commission of a particular offense." *United States v.*

*UCO Oil Co.*, 546 F.2d 833 at 835 (9th Cir. 1976). Duplicity impacts fundamental due process rights of defendants and inhibits otherwise broad prosecutorial discretion in the drafting of indictments. *Id.*, citing *United States v. Tanner*, 471 F.2d 128, 138-139 (7th Cir.), cert denied, 409 U.S. 949 (1972). When an indictment suffers from duplicity the district court should dismiss the faulty count or require the government to elect the count or offense upon which it intends to present proof. *Aguilar*, 756 F.2d at 1422-23.

Count II of the indictment alleges violations of both 26 U.S.C. §§ 5861(d) and (e). Section 5861 subsection (d) makes it unlawful for any person to "receive or possess" an unregistered firearm. Subsection (e) makes it unlawful for any person to "transfer" a firearm in violation of chapter 53 of the Internal Revenue Code. One can "receive or possess" something without the requirement to "transfer" the same item.[1] Accordingly, Count II as alleged charges two distinct violations of the same statute in a single count. Count II should be dismissed pretrial for duplicity pursuant to Rule 12.

**2.   Multiplicitous charges and lesser included offenses should be addressed pretrial.**

The indictment is replete with multiplicituous charges and lesser included offenses. Part of this tension can be attributed to the decision to invoke two distinct

---

[1] Moreover, *United States v. Davenport*, 519 F.3d 940 (9th Cir. 2008) shows that "receive or possess" under subsection (d) is likely a lesser included offense of "transfer" under subsection (e).

statutory schemes in charging the same conduct.

Simultaneous conviction and sentencing on multiple offenses for the same underlying conduct (multiplicity) offends the Fifth Amendment's prohibition of double jeopardy. *See United States v. Davenport*, 519 F.3d 940, 942 (9th Cir. 2008)(addressing multiplicity and lesser included offense doctrines in context of Fifth Amendment). Objections to multiplicity in the indictment can be waived, whereas objections to multiplicitous sentences and convictions cannot be waived. *See United States v. Smith*, 424 F.3d 992 at 1000, n. 4 (9th Cir. 2005) ("Multiplicity of sentences is unlike the issue of multiplicity of an indictment which can be waived if not raised below.").

Where a defendant is convicted of multiple violations of the same statute based upon a single act or transaction, "the Supreme Court has stated that the proper inquiry involves the determination of '[w]hat Congress has made the allowable unit of prosecution.'" *United States v. Keen*, 104 F.3d 1111 at 1118 (9th Cir. 1997) (quoting *United States v. Universal C.I.T. Credit Corp.*, 344 U.S. 218 at 221 (1952). The Ninth Circuit has recognized that "section 5861(d) expresses an unambiguous congressional intent to make each firearm a unit of prosecution." *United States v. Alverson*, 666 F.2d 341 at 347 (9th Cir. 1982). The Ninth Circuit has further recognized that it was not Congress's intent to impose multiple punishments for possessing a single firearm even if that firearm violates different subsections of 26

U.S.C. § 5861. *United States v. Edick*, 603 F.2d 772, 773-75 (9th Cir. 1979).

Count I is multiplicitous. The conduct alleged in Count I is covered by the charge in Count II.

Count III is a lesser included offense of Count V. Both allege violations of 18 U.S.C. § 922. Count III alleges that the defendant possessed and transferred machineguns in violation of 18 U.S.C. § 922(o). Count V alleges that the defendant engaged in the "business of dealing in firearms" without being a licensed dealer in violation of 18 U.S.C. § 922(a)(1)(A). One cannot engage in dealing firearms without possessing and transferring those firearms. Pursuant to the *Davenport* analysis, Count III is a lesser included offense of Count V.

Similarly, Count II is a lesser included offense of Count IV.

**C.    The Title 18 and Title 26 offenses charge the same conduct**.

Beyond the issue of multiplicity, the overarching problem with the indictment is that it charges the same behavior under two different statutory schemes. Counts I, II, and IV are based on Title 26. The title of chapter 53 itself is illuminating – "Machine Guns, Destructive Devices, and Certain Other Firearms." Title 26 is part of the National Firearms Act. Counts III and V sound in Title 18, the generally applicable "Crimes and Criminal Procedure" section of the United States Code. Chapter 44, which contains § 921 *et seq.*, deals with firearms.

The Tenth Circuit recognized the tension between these separate statutory

schemes in *United States v. Dalton*, 960 F.2d 121 (10th Cir. 1992). In *Dalton*, the defendant attorney accepted a firearm as a fee from a client. The client was a licensed firearms dealer who had converted the weapon to a machinegun in 1989. Dalton was convicted of possessing and transferring an unregistered firearm in violation of §§ 5861(d) and (e).

Dalton appealed, noting that 18 U.S.C. § 922(o) represents a separate criminal statute that prohibits possession of any machinegun made after the statute's effective date in 1986. Because the government will not permit registration of machineguns covered by § 922(o), Dalton argued that due process barred his conviction under a statute that punishes failure to register when registration is precluded by law.

The Tenth Circuit agreed:

> Sections 5861(d) and (e) punish the failure to register a machinegun at the same time that the government refuses to accept this required registration due to the ban imposed by section 922(o). As a result of section 922(o), compliance with section 5861 is impossible.

*Id.* at 126.

*Dalton,* then, stands for the proposition that making machinegun possession illegal in § 922(o) effectively repealed taxing statutes for machineguns.

The Ninth Circuit rejected this view in *Hunter v. United States*, 73 F.3d 260 (9th Cir. 1996). Defendant Hunter pled guilty to possession of an unregistered machinegun in violation of 26 U.S.C. § 5861(d). He later filed a § 2255 motion to vacate his sentence, arguing that the statute of conviction was unconstitutional in

light of 18 U.S.C. § 922(o).

> The Ninth Circuit disagreed:
>
> Although the passage of § 922(o) effectively rendered the possession of a machinegun a violation of both § 5861(d) and § 922(o), the Constitution does not forbid making the same conduct illegal under two statutes, and the government is permitted to prosecute under *either* one.

*Id*. at 262 (citations omitted) (emphasis added).

Like the Ninth, the Fourth Circuit rejected *Dalton*'s reasoning in *United States v. Jones*, 976 F.2d 176 (4th Cir. 1992). Jones raised a similar claim to Hunter, arguing on direct appeal that § 5861 charges denied him due process given the conflict with § 922(o). The *Jones* court explained its reasoning in denying the due process claim:

> What Jones is really complaining about is that the amendment to the Gun Control Act effectively rendered possession of certain guns automatic violations of both the Gun Control Act and the National Firearms Act. Yet there is nothing either inconsistent or unconstitutionally unfair about Congress' decision to do so. And, faced with two equally applicable penal statutes, there is nothing wrong with the government's decision to prosecute *under one and not the other*, so long as it does not discriminate against any class of defendants, which Jones does not allege. *United States v. Batchelder*, 442 U.S. 114, 123-24, 99 S.Ct. 2198, 2203-04, 60 L.Ed.2d 755 (1979); *see also Ball v. United States*, 470 U.S. 856, 859, 105 S.Ct. 1668, 1670, 84 L.Ed.2d 740 (1985) (noting prosecutor's discretion to charge *under either of two* overlapping gun control statutes). Consequently, Jones' convictions cannot be reversed simply because the government charged him with his violations of the National Firearms Act and not those of the Gun Control Act.

*Jones*, 976 F.2d at 183 (emphases added).

*Hunter* strongly suggests that the remedy sought here is appropriate. *Hunter*

Federal Defenders of Montana
125 Bank Street, Suite 710
Missoula, MT 59802
(406) 721-6749

7

light of 18 U.S.C. § 922(o).

> The Ninth Circuit disagreed:
>
> Although the passage of § 922(o) effectively rendered the possession of a machinegun a violation of both § 5861(d) and § 922(o), the Constitution does not forbid making the same conduct illegal under two statutes, and the government is permitted to prosecute under *either* one.

*Id*. at 262 (citations omitted) (emphasis added).

Like the Ninth, the Fourth Circuit rejected *Dalton*'s reasoning in *United States v. Jones*, 976 F.2d 176 (4th Cir. 1992). Jones raised a similar claim to Hunter, arguing on direct appeal that § 5861 charges denied him due process given the conflict with § 922(o). The *Jones* court explained its reasoning in denying the due process claim:

> What Jones is really complaining about is that the amendment to the Gun Control Act effectively rendered possession of certain guns automatic violations of both the Gun Control Act and the National Firearms Act. Yet there is nothing either inconsistent or unconstitutionally unfair about Congress' decision to do so. And, faced with two equally applicable penal statutes, there is nothing wrong with the government's decision to prosecute *under one and not the other*, so long as it does not discriminate against any class of defendants, which Jones does not allege. *United States v. Batchelder*, 442 U.S. 114, 123-24, 99 S.Ct. 2198, 2203-04, 60 L.Ed.2d 755 (1979); *see also Ball v. United States*, 470 U.S. 856, 859, 105 S.Ct. 1668, 1670, 84 L.Ed.2d 740 (1985) (noting prosecutor's discretion to charge *under either of two* overlapping gun control statutes). Consequently, Jones' convictions cannot be reversed simply because the government charged him with his violations of the National Firearms Act and not those of the Gun Control Act.

*Jones*, 976 F.2d at 183 (emphases added).

*Hunter* strongly suggests that the remedy sought here is appropriate. *Hunter*

and *Jones* instruct that defendants may be prosecuted under *either* § 922 or § 5861. While § 922(o) may not have rendered § 5861 unconstitutional as *Dalton* held, this line of cases instructs that the government must elect to prosecute under one statutory scheme or the other. But not both.

**D.  The Fifth Amendment and fundamental notions of due process require a pretrial remedy, including potential dismissal by this Court; the government may not prosecute the same conduct under both § 922 and § 5861.**

The reason the government must elect pretrial to proceed under either Title 18 or Title 26 is provided in part by the Supreme Court in *Ball v. United States*, 470 U.S. 856 (1985). *Ball* similarly concerned application of two firearms statutes – § 922(h)(1) and § 1202(a)(1). The Court observed that "Congress did not intend to subject felons to two convictions; proof of illegal receipt of a firearm necessarily includes proof of illegal possession of that weapon." *Id*. at 862.[2] Having applied the *Blockburger* test and concluded that Congress did not intend to punish the same behavior twice, *Ball* directed the district court to vacate one of the underlying convictions – simply running the two sentences concurrently was insufficient. *Id*. at 864. The additional *conviction*, not just the sentence relating to that conviction, constituted unauthorized punishment. *Id*.; *see also Missouri v. Hunter*, 459 U.S. 359, 368 (1983).

---

[2] Similar reasoning was later applied to child pornography statutes in *Davenport*.

Federal Defenders of Montana
125 Bank Street, Suite 710
Missoula, MT 59802
(406) 721-6749

The *Ball* concurring opinion by Justice Stevens resurrected Justice Marshall's cogent dissent in *Missouri v. Hunter*. While concurring with the holding that the petitioner could be convicted under either § 922 or § 1202 but not both, Justice Stevens argued that:

> In reaching that conclusion the Court unnecessarily volunteers the opinion that "there is no bar to the Government's proceeding with prosecution simultaneously under the two statutes." Even if that opinion were well founded, I see no reason why this Court should go out of its way to encourage prosecutors to tilt the scales of justice against the defendant by employing such tactics.

*Ball*, 470 U.S. at 867, Stevens, J., concurring.

Justice Stevens then quoted Justice Marshall at length:

> The entry of two convictions and the imposition of two sentences cannot be justified on the ground that the legislature could have simply created one crime but prescribed harsher punishment for that crime. This argument incorrectly assumes that the total sentence imposed is all that matters, and that the number of convictions that can be obtained is of no relevance to the concerns underlying the Double Jeopardy Clause.
>
> When multiple charges are brought, the defendant is 'put in jeopardy' as to each charge. To retain his freedom, the defendant must obtain an acquittal on all charges; to put the defendant in prison, the prosecution need only obtain a single guilty verdict. The prosecution's ability to bring multiple charges increases the risk that the defendant will be convicted on one or more of those charges. The very fact that a defendant has been arrested, charged, and brought to trial on several crimes may suggest to the jury that he must be guilty of at least one of those crimes. Moreover, where the prosecution's evidence is weak, its ability to bring multiple charges may substantially enhance the possibility that, even though innocent, the defendant may be found guilty on one or more charges as a result of a compromise verdict. The submission of two charges rather than one gives the prosecution the advantage of offering the jury a choice – a situation which is apt to

induce a doubtful jury to find the defendant guilty of the less serious offense rather than to continue the debate as to his innocence.

*Ball*, 470 U.S. at 867-68, Stevens, J., concurring.

Given the sum total of the deficiencies plaguing the indictment, the government should be directed to elect whether it wants to proceed on Counts I, II, and IV or alternatively on Counts III and V. That remedy is irrespective of any remedies requested based on duplicity, multiplicity, and lesser included offenses. The indictment is confusing, overlapping, and prejudicial. Due process requires a pretrial remedy.

Count II should be dismissed as duplicitous on its face. Count I is multiplicitous for all of the reasons stated above. Count III is a lesser included offense of Count V. Count II is a lesser included offense of Count IV. Dismissal would depend on whatever election the government might make at this Court's direction.

The government may resist and urge this Court to let all five counts be tried to a jury before taking whatever measures are then required. That position begs an important question: why? Why charge and try counts that would later need to be vacated? To what end would the government insist on trying multiple counts that charge the same behavior? A reasonable inference is that the government would prefer to gain the advantages noted by Justice Marshall and tilt the scales of justice in its favor by leveling multiple charges.

## CONCLUSION

Given the array of constitutional deficiencies discussed in this and other pretrial motions, the defense contends that the government should pick its horse and ride it. Pretrial relief is required. Defendant, at a minimum, requests a pretrial order requiring the government to elect to proceed under either Title 18 or Title 26. Dismissal of duplicitous and multiplicitous counts, along with lesser included offenses, may further be required.

DATED this 22nd day of February, 2016.

                                                KYLE ROBERT WICK

                By:   */s/Andrew Nelson*
                         ANDREW J. NELSON
                         Federal Defenders of Montana
                            Counsel for Defendant

# CERTIFICATE OF COMPLIANCE

I hereby certify that this Brief in Support of Motion to Dismiss is in compliance. The brief's line spacing is double spaced, and is proportionately spaced, with a 14 point font size and contains less than 6,500 words. (Total number of words: 2,521 excluding tables and certificates).

Dated this 22nd day of February, 2016.

                                          KYLE ROBERT WICK

By:   */s/Andrew Nelson*
       ANDREW J. NELSON
       Federal Defenders of Montana
         Counsel for Defendant

# CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2016, a copy of the foregoing was served on the following persons by the following means:

__1, 2__  CM-ECF

_____  Hand Delivery

__3___  Mail

_____  Overnight Delivery Service

_____  Fax

_____  E-Mail

1. CLERK, UNITED STATES DISTRICT COURT

2. PAULETTE L. STEWART
   Assistant United States Attorney
   Counsel for the United States of America

3. KYLE ROBERT WICK
   Defendant

                        By:  */s/ Andrew J. Nelson*
                             ANDREW J. NELSON
                             Federal Defenders of Montana
                             Counsel for Defendant