FILED

MAR 1 1 2016

Clerk, U S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

vs.

KYLE ROBERT WICK,

Defendant.

CR 15–30–M–DLC

ORDER

Before the Court are the following motions, filed by Defendant Kyle Robert Wick ("Wick"): (1) motion in limine to preclude ultimate issue testimony from the government's firearms witness; (2) motion in limine to preclude evidence regarding machinegun parts other than machinegun receivers; (3) motion to dismiss the Indictment on statutory vagueness grounds; and (4) motion to dismiss the Indictment for multiplicity, duplicity, and double jeopardy grounds. For the reasons explained below, the Court denies the first motion, denies in part and reserves ruling in part on the second motion, denies the third motion, and grants in part and denies in part the fourth motion.

## BACKGROUND

Wick has been charged by Indictment with the following counts related to

his alleged dealings in recomposed automatic weapons: (I) unlawful transfer of an unregistered firearm that can be readily restored to a functioning machinegun, in violation of 26 U.S.C §§ 5812, 5861(e), and 5871; (II) unlawful possession and transfer of ten unregistered firearms,[1] in violation of 26 U.S.C §§ 5812, 5861(d), 5861(e), and 5871; (III) unlawful possession and transfer of nine of the ten machineguns from Count II, in violation of 18 U.S.C. § 922(o); (IV) unlawfully manufacturing and dealing firearms without paying the special occupational tax required by 26 U.S.C. § 5801 and without registering as required by 26 U.S.C. § 5802, all in violation of 26 U.S.C. §§ 5861(a) and 5871; and (V) unlawfully dealing firearms without being a licensed firearms dealer, in violation of 18 U.S.C. § 922(a)(1)(A). The government alleges that Wick welded together decommissioned Uzis and sold them, either in whole or as a group of parts, through an online gun broker.

Wick's jury trial is currently scheduled for March 28, 2016, and the deadline by which he and the government must file any plea agreement is set for March 18, 2016. Wick's motions became ripe on March 7, 2016.

---

1. One of the ten firearms listed in Count II is the same firearm underlying the charge in Count I, which the government describes as being readily restorable to a functioning machinegun. Of the nine remaining firearms underlying Count II, four consist of machinegun receivers and parts, four consist of just machinegun receivers, and one consists of a complete, operable machinegun.

## DISCUSSION

### I. Motion to preclude ultimate issue testimony

By his first motion in limine, Wick seeks to preclude expert testimony from any government witness as to whether the "Uzi parts kit" underlying Count I and, in part, Count II can be "readily restored" to operate as an automatic weapon, pursuant to 26 U.S.C. § 5845(b). Wick contends that relative to Counts I and II – which are the only counts in the Indictment in which the "readily restored" variant of the statutory machinegun definition arise – such evidence would speak to the "ultimate question for the jury in this case," and "would be irrelevant, misleading to the jury, and much more prejudicial than probative." (Doc. 18 at 3.) The government, citing Rule 704(a) of the Federal Rules of Evidence, states simply that ultimate issue testimony is not automatically objectionable, and, besides, expert testimony regarding the point at which a series of gun parts can be readily restored to a functioning weapon would be necessary and helpful to the jury. The Court agrees with the government.

While "[a]n expert witness is not permitted to offer a direct opinion on the defendant's guilt or innocence," *United States v. Freeman*, 498 F.3d 893, 906 (9th Cir. 2007), "[a]n [expert] opinion is not objectionable just because it embraces an ultimate issue." Fed. R. Evid. 704(a). "Generally, experts may testify as to their

opinions on ultimate issues to be decided by the trier of fact." *United States v. Morales*, 108 F.3d 1031, 1036 (9th Cir. 1997). "Expert testimony should be excluded if it concerns a subject improper for expert testimony, for example, one that invades the province of the jury," *United States v. Lukashov*, 694 F.3d 1107, 1117 (9th Cir. 2012), but such a challenge to expert testimony would fall under Rule 702, not Rule 704. Indeed, the admissibility of expert testimony is appropriately considered under Rules 701, 702, and 403. *See* Fed. R. Evid. 704, Advisory Comm. Note.

The government's firearms expert may testify as to whether and when the Uzi parts kits in Counts I and II[2] could be "readily restored" pursuant to 26 U.S.C. § 5845(b). Such a factual conclusion could be attacked at trial in the same manner as any other expert opinion, and would be neither a direct opinion as to guilt or innocence, nor an improper conclusion regarding Wick's mental state. *See* Fed. R. Evid. 704(b). Assuming no professional gunsmiths are seated as jurors, such testimony would also very likely be helpful to a jury in understanding the facts of this case. Thus, Wick's first motion in limine is denied.

2. As the Court will discuss below, Wick moves to dismiss Counts I and II on duplicity and multiplicity grounds, and the government responds that the motion is, in part, well-taken. Thus, going forward, the Court's ruling in this section is applicable only to the extent the Uzi parts kit remains at issue in these counts and in the case as a whole.

## II. Motion to preclude evidence of other machinegun parts

Wick's second motion in limine requires some unpacking. First, Wick seeks to preclude any evidence of firearm receivers or gun parts other than what the government lists as exhibits underlying the various counts in the Indictment. Wick contends that he "should not have to prepare for trial on additional, unspecified items of evidence," and that "[a]ny further evidence beyond the enumerated exhibits would constitute Rule 404(b) 'other acts' evidence." (Doc. 18 at 5.) Second, he seeks to preclude "examples of uncharged conduct regarding transfer of machineguns," including evidence of a transaction between Wick and a purchaser in New Jersey. (*Id.* at 5-6.) Finally, as the Court reads the motion, Wick seeks to preclude evidence illustrating any of the gun parts listed in the Indictment as associated with machinegun receivers, i.e. "Uzi-type receiver sections *and parts*" (Doc. 1, passim), on the grounds that the receivers themselves constitute machineguns within the statutory definition, making evidence of the other parts Wick allegedly sold with the receivers irrelevant.

As to the first part of Wick's motion in limine, the Court is not prepared to preemptively limit the evidence the government can offer at trial to those exhibits it mentioned in the Indictment. Wick cites no authority for his hamstringing proposition other than a canon of statutory construction nowhere contained in the

Federal Rules of Evidence. Relevant evidence is admissible, Fed. R. Evid. 402, and the Court generally prefers to measure admissibility in the context of trial.

As to the second part of Wick's motion, to the extent the government offers evidence of transactions wherein Wick sells the firearms, receivers, or receivers and parts listed in the Indictment, such evidence simply is not "other acts" evidence – it is evidence of the crimes charged in the Indictment. The Court is unsure whether the above-mentioned transaction with a New Jersey resident falls into this category or not.

To the extent the government, in support of those counts in the Indictment alleging possession or transfer of receivers only (e.g. Count II, subparts four through seven, and Count III, subparts three through six), offers evidence of *other gun parts* allegedly included with those receivers by Wick in some sort of kit, that evidence is not objectionable on Rule 404(b) grounds because of the connection between the receivers and the parts articulated in the Indictment. "[E]vidence should not be considered 'other crimes' or 'other act' evidence within the meaning of Rule 404(b) if the evidence concerning the 'other' act and the evidence concerning the crime charged are inextricably intertwined." *United States v. Dorsey*, 677 F.3d 944, 951 (9th Cir. 2013) (citations and internal quotation marks omitted). Purported "other acts" evidence may be inextricably intertwined with

the crime charged if the evidence "constitute[s] a part of the transaction that serves as the basis for the criminal charge." *Id.* (citations omitted). As charged in the Indictment, the subparts of Counts II and III relying only on receivers nonetheless reference "Uzi-type receiver sections and parts." Even assuming the referenced "other parts" constituted "other acts," their inclusion in the Indictment indicates that the government views those parts as "part of the transaction[s] that serve[] as the basis for the criminal charge[s]." *Dorsey*, 677 F.3d at 951 (citations omitted).

To the extent the government offers bona fide "other acts" evidence at trial – which it appears, based on the government's response, it does not intend to do – the Court *would* view the evidence through the lens of Rule 404(b). *See United States v. Beckman*, 298 F.3d 788, 794 (9th Cir. 2002) ("[o]ther acts evidence is admissible under Rule 404(b) if it (1) tends to prove a material point in issue; (2) is not too remote in time; (3) is proven with evidence sufficient to show that the act was committed; and (4) if admitted to prove intent, is similar to the offense charged") (citations omitted). Clearing the Rule 404(b) hurdle then subjects the proffered evidence to a Rule 403 analysis. *Id.* Any such rulings are best left for trial.

Finally, as to the third part of Wick's motion in limine, the Court reserves ruling under Rules 401 and 403 regarding whether other gun parts are relevant to

those subparts of Counts II and III referencing receivers only. At this point in time, in light of the allegations that Wick sold receivers and parts together, the Court is inclined to admit such evidence. However, the Court will make a ruling upon hearing the evidence in context.

To sum up, the Court will: (1) deny Wick's second motion in limine as it seeks to limit the government's evidence to the exhibits referenced in the Indictment; (2) deny Wick's motion to the extent he seeks to exclude evidence of transactions in which he sold the firearms referenced in the Indictment; (3) deny Wick's motion to the extent he seeks to exclude evidence of gun parts as "other acts" under Rule 404(b); (4) reserve ruling on any true "other acts" evidence offered by the government at trial; and (5) reserve ruling on the relevance of gun parts, as mentioned above.

## III. Motion to dismiss on statutory vagueness grounds

Wick moves to dismiss the Indictment in its entirety because the term "readily restored," which he claims is the "statutory phrase that underpins each of the five counts" in the Indictment[3], "is unconstitutionally vague as applied" to

---

3. As mentioned above, a plain reading of the Indictment reveals that the government only relies on the "readily restored" variant of the machinegun definition in 26 U.S.C. § 5845(b) twice – once in Count I and once in subpart 1 of Count II. Regardless of the merit of Wick's vagueness argument, it could at most serve as grounds to dismiss only a portion of the Indictment.

him. (Doc. 20 at 2, 5.) Wick contends that the phrase leads to "a set of highly circumstantial questions" related to who, hypothetically, is restoring the firearm and when a series of parts becomes "readily" restorable. (*Id.* at 5.)

Wick's argument appears foreclosed by the Ninth Circuit's opinion in *United States v. TRW Rifle 7.62x51mm Caliber, One Model 14 Serial 593006*, 447 F.3d 686 (9th Cir. 2006) [hereinafter *TRW Rifle*]. The *TRW Rifle* court held that, "for purposes of [26 U.S.C.] § 5845(b), the plain and unambiguous ordinary meaning of 'readily' may be defined by a temporal component ('with fairly quick efficiency: without needless loss of time: reasonably fast') or a component related to a manner or methodology ('with a fair degree of ease: without much difficulty: with facility')." *Id.* at 690. Furthermore, the *TRW Rifle* court held that "restored" means " to bring back to or put back into a former or original state," which in turn "refers to the essential definition of a machinegun, that is whether it was ever capable of firing automatically more than one shot, without manual reloading, by a single function of the trigger." *Id.* at 691. Because the statute is unambiguous, courts should neither apply alternative definitions of "machinegun," *Id.* at 689 n. 4, nor read ambiguity into the statute in order to apply the rule of lenity. *Id.* at 692 n. 11.

For these reasons, the Court will deny Wick's motion to dismiss the

Indictment on statutory vagueness grounds.

## IV. Motion to dismiss on duplicity, multiplicity, and double jeopardy grounds

Finally, Wick moves to dismiss the Indictment on the grounds that it is duplicitous, multiplicitous, charges lesser included offenses, and holds him accountable for the same conduct under two different statutory schemes.

As to the duplicity and multiplicity grounds, the government concedes that Wick's motion is, in part, well-taken:

> Exhibit 1 should not be listed in both Count I and Count II of the Indictment. Further, sections 5861(d) and (e) should not be joined in Count II of the Indictment. As a result, the United States will seek a Superseding Indictment with the next-available grand jury.

(Doc. 25 at 2.) Consequently, the Court will grant Wick's motion in part and dismiss Counts I and II without prejudice.

As to the other grounds for his motion, Wick contends that the Indictment must be dismissed pursuant to the Fifth Amendment's Double Jeopardy Clause because: (1) under United States Code Title 26, Count II is a lesser included offense of Count IV; (2) under Title 18, Count III is a lesser included offense of Count V; and (3) Count II and Count III punish the exact same conduct under two different statutory schemes. The government counters by citing the elements of each offense, drawn from applicable jury instructions, and asserting that the

Indictment is constitutionally firm "[b]ecause each statutory element requires the proof of a fact that the other does not." (Doc. 25 at 9.) While the Court agrees with Wick that the Indictment could be cleaner, a strict elemental comparison of the statutes at issue militates against dismissing the remaining counts in the Indictment.

"The Fifth Amendment's prohibition on double jeopardy protects against being punished twice for a single criminal offense." *United States v. Davenport*, 519 F.3d 940, 943 (9th Cir. 2008). "When a defendant has violated two different criminal statutes, the double jeopardy prohibition is implicated when both statutes prohibit the same offense or when one offense is a lesser included offense of the other." *Id.* (citing *Rutledge v. United States*, 517 U.S. 292, 297 (1996)). "To determine whether two statutory provisions prohibit the same offense, [courts] must examine each provision to determine if it 'requires proof of an additional fact which the other does not.'" *Id.* (citing *Blockburger v. United States*, 284 U.S. 299, 304 (1932)). This test, referred to as the *Blockburger* test, "focuses on the statutory elements of the offense . . . [i]f each requires proof of a fact that the other does not, the [] test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes." *Albernaz v. United States*, 450 U.S. 333, 338 (1981). The *Blockburger* test also applies to the question of whether one offense

is a lesser included offense of another. *Davenport*, 519 F.3d at 943. Ultimately, "[i]f two different criminal statutory provisions indeed punish the same offense or one is a lesser included offense of the other, then conviction under both is presumed to violate congressional intent" and is unconstitutional. *Id.*

The Court begins with Wick's claim that the Indictment charges lesser included offenses. Count II requires the government to prove beyond a reasonable doubt that: (1) a defendant knowingly possessed certain firearms; (2) was aware that the firearms were machineguns as defined in 26 U.S.C. § 5845(b); and (3) had not registered the firearms with the National Firearms Registration and Transfer Record. *9th Cir. Pattern Jury Instr. Crim.* 9.34 (2015). Count IV, according to the statutory provision and a Seventh Circuit instruction cited by the government, requires the government to prove beyond a reasonable doubt that: (1) a defendant knowingly engaged in business as a manufacturer or dealer in firearms; and (2) did so without having paid the special occupational tax required by 26 U.S.C. § 5801 for the business, or having registered as required by 26 U.S.C. § 5802. Comparing the elements of these two offenses, it is not the case that the government would need to prove the elements of the former in meeting its burden on the latter – at a minimum, the dealing and manufacturing charge does not require the government to prove that a defendant failed to register the firearms alleged to have been

manufactured or dealt. In essence, in meeting its burden on Count IV, the government would not necessarily incidentally meet its burden on Count II. Count II is therefore not a lesser included offense of Count IV.

The same holds true for Counts III and V. Count III requires the government to prove beyond a reasonable doubt that: (1) a defendant "knowingly possessed a machine gun;" and (2) "knew that the firearm was a machine gun," where machinegun as defined by 26 U.S.C. § 5845(b). *United States v. Gravenmeir*, 121 F.3d 526, 528-529 (9th Cir. 1997). Count V requires the government to prove beyond a reasonable doubt that: (1) a defendant was willfully engaged in the business of dealing in firearms within the dates specified in the indictment; and (2) did not then have a license as a firearms dealer. *9th Cir. Pattern Jury Instr. Crim.* 8.53 (2014). Comparing the elements of these two offenses, it is conceivable that a jury could find a defendant guilty of dealing firearms without ever possessing the firearms – evidence could show that a defendant simply brokered gun deals between two individuals, for example. Again, the government does not necessarily meet its burden on Count III in the process of meeting its burden on Count V. Count III is therefore not a lesser included offense of Count V, and Wick's motion is denied on this issue.

Finally, the Court comes to the issue of whether double jeopardy arises from

the government charging Wick under both Title 18 and Title 26.[4] As mentioned and applied above, the *Blockburger* test supplies the simple answer to this question. While Counts II and III both focus on possession of firearms, the conduct underlying Count II violates the law because the firearms are allegedly unregistered, while the conduct underlying Count III violates the law solely because of the nature of the firearms. Thus, Count II requires proof of the additional element that the firearms are unregistered, and the *Blockburger* test is satisfied. Wick's motion to dismiss is denied on this issue as well.

Accordingly, IT IS ORDERED:

(1) Wick's motion in limine (Doc. 17) is DENIED IN PART. The motion is DENIED as to: (1) expert testimony regarding whether firearms can be "readily restored"; (2) limiting the government's evidence to the exhibits referenced in the Indictment; (3) excluding evidence of transactions in which Wick sold the firearms referenced

---

4. As a predicate to his Fifth Amendment argument, Wick contends that the Ninth Circuit expressly prohibits charging a defendant for the same conduct under both statutory schemes in the same indictment. He cites *Hunter v. United States*, 73 F.3d 260, 262 (9th Cir. 1996), for the proposition that the government must elect whether to proceed under Title 18 or Title 26. This case is not directly on point however: the *Hunter* court merely decided that, in the context of a federal habeas petition challenging a conviction under Title 26, the passage of 18 U.S.C. § 922(o), which outright prohibits possession of machineguns, did not obviate 26 U.S.C. § 5861(d), which prohibits possession of unregistered machineguns. Indeed, Ninth Circuit caselaw is replete with decisions, albeit unpublished, upholding convictions under both statutory schemes within a single prosecution.

in the Indictment; (4) excluding evidence of gun parts as "other acts" under Rule 404(b). The Court RESERVES RULING on: (1) the admissibility of any true "other acts" evidence offered by the government at trial; and (2) the relevance of gun parts, as mentioned in Section II of this order.

(2) Wick's motion to dismiss on statutory vagueness grounds (Doc. 19) is DENIED.

(3) Wick's motion to dismiss on duplicity, multiplicity, and double jeopardy grounds (Doc. 21) is GRANTED IN PART and DENIED IN PART. The motion is GRANTED as to Counts I and II of the Indictment, and those counts are DISMISSED WITHOUT PREJUDICE. The motion is DENIED in all other respects.

DATED this 11th day of March, 2016.

Dana L. Christensen, Chief Judge
United States District Court