**PAULETTE L. STEWART**
**W. ADAM DUERK**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**901 Front Street, Suite 1100**
**Helena, MT 59626**
**Phone: (406) 457-5120**
**FAX: (406) 457-5130**
**Email: paulette.stewart@usdoj.gov**
**       Adam.duerk@usdoj.gov**

**ATTORNEYS FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### MISSOULA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 15-30-M-DLC** |
| **Plaintiff,** | |
| **vs.** | **UNITED STATES' TRIAL BRIEF** |
| **KYLE ROBERT WICK,** | |
| **Defendant.** | |

The United States of America submits this trial brief pursuant to the Court's

scheduling order.

1

## ELEMENTS OF THE OFFENSES CHARGED

I.     Counts 1-10 of the Superseding Indictment – transfer of firearms not registered in the National Firearms Registration and Transfer Record.

Ninth Circuit Criminal Model Jury Instruction, Section 9.34 Firearms-Possession Of Unregistered Firearm (26 U.S.C. § 5861(d))(modified for transfer of unregistered firearm in violation of 26 U.S.C. § 5861(e))(2105).

The defendant is charged in Counts 1-10 of the Superseding Indictment with transfer of firearms not registered in the National Firearms Registration and Transfer Record in violation of Section 5861(e) of Title 26 of the United States Code.   In order for the defendant to be found guilty of each charge, the government must prove each of the following elements beyond a reasonable doubt:

- First, the defendant knowingly transferred a National Firearms Act firearm as described in that count of the superseding indictment;

- Second, the defendant knew the characteristics of the firearm; this is, it was a machinegun, machinegun receiver, or a combination of parts of a machinegun as defined in 26 U.S.C. § 5845(b); and

- Third, the defendant had not registered the firearm with the National Firearms Registration and Transfer Record.

II.     Count 11 of the Superseding Indictment – manufacturing and dealing in National Firearms Act firearms without paying the tax or registering.

Fed. Crim. Jury Instr. 7th Cir. 5861(a)(2012 ed.)).

The defendant is charged in Count 11 of the Superseding Indictment with manufacturing and dealing in National Firearms Act firearms without paying the tax or registering in violation of Section 5861(a) of Title 26 of the United States

Code.   In order for the defendant to be found guilty of that charge, the
government must prove each of the following elements beyond a reasonable doubt:

- First, the defendant knowingly engaged in business as a manufacturer
  or importer of, or dealer in, National Firearms Act firearms; and

- Second, the defendant did not pay the special occupational tax
  required by section 26 U.S.C. § 5801for his business, or did not
  register as required by 26 U.S.C. § 5802.

III.   <u>Count 12 of the Superseding Indictment – manufacturing and dealing in
firearms without a license.</u>

Ninth Circuit Criminal Model Jury Instruction, Section 8.53 Firearms-
Dealing, Importing Or Manufacturing Without License (18 U.S.C. § 922(a)(1)(A)
and (B))(2014).

The defendant is charged in Count 12 of the Superseding Indictment with
dealing, importing or manufacturing without license in violation of Section
922(a)(1)(A) of Title 18 of the United States Code.   In order for the defendant to
be found guilty of that charge, the government must prove each of the following
elements beyond a reasonable doubt:

- First, the defendant was willfully engaged in the business of
  manufacturing and dealing in firearms within the dates specified in the
  superseding indictment; and

- Second, the defendant did not then have a license as a firearms
  manufacturer or dealer.

The term "engaged in the business" means—

3

(C)   as applied to a dealer in firearms, as defined in section 921(a)(11)(A), a person who devotes time, attention, and labor to dealing in firearms as a regular course of trade or business with the principal objective of livelihood and profit through the repetitive purchase and resale of firearms, but such term shall not include a person who makes occasional sales, exchanges, or purchases of firearms for the enhancement of a personal collection or for a hobby, or who sells all or part of his personal collection of firearms;

(D) as applied to a dealer in firearms, as defined in section 921(a)(11)(B), a person who devotes time, attention, and labor to engaging in such activity as a regular course of trade or business with the principal objective of livelihood and profit, but such term shall not include a person who makes occasional repairs of firearms, or who occasionally fits special barrels, stocks, or trigger mechanisms to firearms.

18 USC 921(a)(22) The term "with the principal objective of livelihood and profit" means that the intent underlying the sale or disposition of firearms is predominantly one of obtaining livelihood and pecuniary gain, as opposed to other intents, such as improving or liquidating a personal firearms collection: Provided, that proof of profit shall not be required as to a person who engages in the regular and repetitive purchase and disposition of firearms for criminal purposes or terrorism.

## **ANTICIPATED PROOF**

In April of 2013, special agents with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) found an advertisement for an "Uzi parts kit" for sale on gunbroker.com.   The kit appeared to be improperly demilled/destroyed.   If improperly demilled/destroyed then the firearm would need to be to be registered

under the National Firearms Act.   The website, gunbroker.com, indicated that the seller was located in Stevensville, Montana, and had made multiple sales of firearms through the site.

In May of 2013, a confidential informant made contact with the seller.   The seller provided a Stevensville, Montana, shipping address and an email address. The seller identified himself as Kyle Wick.   The confidential informant purchased an Uzi parts kit from Wick.   On May 14, 2013, the confidential informant spoke with Wick and Wick explained how to machine the parts kit to return it to a semi-automatic firearm.   Wick also instructed the confidential informant on how to install a blocking bar in the Uzi receiver, although the Uzi parts kit did not come with a blocking bar.   The confidential informant paid $1200.00 for the Uzi parts kit and received the Uzi parts kit on May 22, 2013, through the United States Postal Service.   The Uzi parts kit was taken into custody and opened by the ATF agents.

The ATF case agent sent the Uzi parts kit (ATF Exhibit 1) to the ATF Firearms Technology Branch to be examined.   An ATF firearms enforcement officer (Mr. Curtis) determined that the Uzi parts kit is a firearm under the Gun Control Act of 1968 and a machinegun under the National Firearms Act.   Mr. Curtis noted there was no blocking bar welded into the receiver or included in the kit.   Mr. Curtis found that the parts kit could be readily restored to a functioning machinegun

configuration and was therefore a machinegun as defined by 26 U.S.C. § 5845(b).

The case agent requested a search for the name Kyle Robert Wick in the National

Firearms Registration and Transfer Record and Wick's name was not located.   The

Uzi parts kit was also not registered within the NFRTR.

     The ATF case agent received records from gunbroker.com that included

Wick's active listings and past sales.   After receipt of Wick's gunbroker.com

records, ATF agents in Montana executed a federal search warrant on Wick's

Stevensville residence in March of 2014.   The agents seized firearms parts, a laptop

computer, and a desktop computer.

     During the search warrant execution, Wick was interviewed.   Wick said that

he had conducted transactions on gunbroker.com for approximately four years; he

had been so successful the he quit his job six months earlier.   Wick acknowledged

that he did not have a license to manufacture firearms or machineguns and that he

intended to apply for a license in the future.   Wick said that he sold "at least several

dozen" Uzi parts kits in various configurations, including ATF Exhibit 1, purchased

by the confidential informant.   Wick said that he did all the welding work himself in

his garage.

After executing the search on Wick's computers, ATF agents in Montana were able to trace past sales of parts kits.   With assistance from local ATF agents in various jurisdictions, fourteen additional kits were recovered.

In approximately July of 2013, Wick sold ATF Exhibit 13, an Uzi-type receiver sections and parts to Michael Hardesty of Ohio.   This kit was recovered on July 3, 2014, by ATF Special Agent Matthew Gary.   Mr. Curtis from the Firearms Technology Branch determined that the kit contained a combination of parts from which a machinegun could be assembled.

Between October of 2011 and March of 2014, Wick sold ATF Exhibits 24, 29, 30 and 32, Uzi-type receiver sections and parts kits, to Wendell Thomas of Texas. These kits were recovered on July 16, 2014 by ATF Special Agent Clifton Sutton. Special Agent Sutton also recovered a VZ 61 type receiver sections and parts kit and two PPS 43 type receiver sections and parts kits – these were also purchased from Wick and labeled ATF Exhibits 33, 34, and 35.   Mr. Curtis determined that the Uzi kit labeled ATF Exhibit 24 was a combination of parts from which a machinegun could be assembled.   Mr. Curtis determined that the Uzi parts kits labeled ATF Exhibits 29, 30, and 31, contained two receiver sections measuring 11.5 inches and machinegun trunnions.   They were classified as mini Uzi machinegun receivers. Mr. Curtis determined the kit labeled ATF Exhibit 32, contained four Uzi receiver

sections and reached a state of manufacturing that was classified as an Uzi machinegun receiver.   The overall length of the receivers measured 14.5 inches and the receiver sections did not contain a blocking bar to prevent the installation of a machinegun bolt.   Mr. Curtis also determined that the receivers of ATF Exhibits 33, 34, and 35 were not been properly demilled/destroyed.   As a result, they each remained a receiver and a firearm according to the definitions in Title 18 and Title 26.

In approximately September of 2013, Wick sold ATF Exhibit 38, an Uzi receiver sections and parts kit, to Alan Grosman of Florida.   This Uzi parts kit was recovered on August 6, 2014, by ATF Special Agent Tamira Horn.   Mr. Curtis determined the kit labeled ATF Exhibit 38 was a combination of parts from which a machinegun can be assembled.   The overall length of the three receivers measured 11.5 inches and it was assembled with a machinegun trunnion.

In approximately September of 2013, Wick sold ATF Exhibit 44, an Uzi-type machinegun, to Jody Medeiros in Hawaii.   This machinegun was recovered on September 23, 2014, by ATF Special Agent Ty Torco.   Mr. Curtis determined the machinegun labeled ATF Exhibit 44 is a fully functional machinegun.   He determined the receiver had been in three separate sections and welded back together.   Mr. Curtis test fired the machinegun on the semi-automatic setting and

the machinegun fired successfully.   He then placed the selector in the automatic

position and successfully fired three rounds with a single pull of the trigger.

In approximately April of 2013, Wick sold ATF Exhibit 45, an Uzi receiver

sections and parts kit, to Charles Warren in Helena.   This kit was recovered on

October 8, 2014, by ATF Special Agents Brian McNamee and Michael Parten.   Mr.

Curtis determined that the kit labeled ATF Exhibit 45 was a combination of parts

from which a machinegun can be assembled.   The three receiver sections measured

14.5 inches and lacked a blocking bar to prevent the installation of a machinegun

bolt.

Additionally, Wick sold assembled ATF Exhibits 41 and 42, at his garage in

Stevensville for to a customer from Missoula.   Wick invited Leigh Thurston to his

residence, where he welded together a mini-Uzi rifle and a full-size Uzi rifle,

purchased mostly from other dealers.   Wick sold or traded him the receiver center

piece.   Mr. Curtis determined that ATF Exhibit 42 was a semi-automatic Uzi-type

firearm that incorporates a blocking bar in the receiver.   It was manufactured from

destroyed Uzi receiver sections via welding and that it is properly classified as a

"firearm receiver" pursuant to the Gun Control Act of 1968.   The ATF case agent

determined that ATF Exhibit 41 was a complete Title 18 firearm and successfully

test-fired it.

ATF personnel confirmed that none of the above-referenced kits (machineguns or machinegun receivers) were registered to Wick in the National Firearms Registration and Transfer Record.   Wick also did not pay the special occupation tax as required by 26 U.S.C. § 5801 or register as a manufacturer or dealer as required by 26 U.S.C. § 5802 in compliance with the National Firearms Act.   ATF personnel also confirmed that Wick did not possess a license to manufacture or deal in firearms in compliance with the Gun Control Act of 1968.

Trial is set for March 29, 2016, in Missoula, Montana.

## **WITNESSES**

1. Special Agent James Huskey, ATF Washington

2. Marc Kelley, Montana

3. Chief Michael Curtis, ATF Firearms Technology Branch

4. RAC Kenneth Bray, ATF Montana

5. Special Agent William Bud Ramsey, ATF Montana

6. Donald Hall or representative, Gunbroker Compliance Officer

7. Michael Hardesty, Ohio

8. Special Agent Matthew Gary, ATF Ohio

9. John Drahos, Oregon

10. Special Agent Joseph Woods, ATF Oregon

11. Special Agent Clifton Sutton, ATF Texas

12. Alan Grosman, Florida

13. Special Agent Tamira Horn, ATF Florida

14. Special Agent David Hayes, ATF Kentucky

15. Leigh Thurston, Montana

16. Special Agent Rustin Wayas, ATF Arizona

17. Jody Medeiros, Hawaii

18. Special Agent Ty Torco, ATF Hawaii

19. Charles Warren, Montana

20. Special Agent Brian McNamee, ATF Montana

21. Specialist Kenneth Mason, ATF

22. Examiner Kimberley Rowland, ATF


## **EXHIBITS**

1.   Emails Between Wick and Marc Kelley (USAO-000010-000015)

2.  Audio of Phone Calls Between Wick and Mark Kelley 5/14/2013

3.  Audio of Interview with Kyle Wick 3/24/2014

4.  Emails Between Wick and Gunbroker.com (USAO-000649-000651)

5a. Gunbroker Auction Record for ATF Exhibit 13

5b. Gunbroker Auction Record for ATF Exhibit 24

5c. Gunbroker Auction Records for Kits Purchased by Wendell Thomas

5d. Gunbroker Auction Record for ATF Exhibit 38

5e. Gunbroker Auction Record for ATF Exhibit 40

5f. Gunbroker Auction Record for ATF Exhibit 42

5g. Gunbroker Auction Record for ATF Exhibit 44

5h. Gunbroker Auction Record for ATF Exhibit 45

6.  ATF Exhibit 1 Uzi-type Parts Kit

7.  ATF Exhibit 13 Uzi-type receiver sections and parts

8.  Property Receipt-ATF Exhibit 13 (USAO-000108)

9.  ATF Exhibit 24 Uzi-type receiver sections and parts

10. Property Receipt-ATF Exhibit 24 (USAO-000151)

11. ATF Exhibit 29 Uzi-type receiver sections and parts

12. ATF Exhibit 30 Uzi-type receiver sections and parts

13. ATF Exhibit 31 Uzi-type receiver sections and parts

14. ATF Exhibit 32 Uzi-type receiver sections and parts

15. ATF Exhibit 33 VZ 61 Type receiver sections and parts

16. ATF Exhibit 34 PPS 43 type receiver sections and parts

17. ATF Exhibit 35 PPS 43 type receiver sections and parts

18. Property Receipts for ATF Exhibits 29-35 (USAO-000161, USAO-000258)

19. ATF Exhibit 38 Uzi receiver sections and parts

20. Property Receipt-ATF Exhibit 38 (USAO-000234)

21. ATF Exhibit 40 Uzi receiver sections and parts

22. ATF Exhibit 42 Uzi receiver and parts

23. ATF Exhibit 44 Uzi-type machinegun

24. ATF Exhibit 45 Uzi receiver sections and parts

25. Photograph of ATF Exhibit 1 (USAO-000632)

26. Photograph of ATF Exhibit 1 (USAO-000633)

27. Photograph of ATF Exhibit 1 (USAO-000634)

28. Photograph of ATF Exhibit 1 (USAO-000635)

29. Photograph of ATF Exhibit 13 (USAO-000562)

30. Photograph of ATF Exhibit 13 (USAO-000563)

31. Photograph of ATF Exhibit 13 (USAO-000564)

32. Photograph of ATF Exhibit 13 (USAO-000565)

33. Photograph of ATF Exhibit 24 (USAO-000566)

34. Photograph of ATF Exhibit 24 (USAO-000567)

35. Photograph of ATF Exhibit 24 (USAO-000568)

36. Photograph of ATF Exhibit 24 (USAO-000569)

37. Photograph of ATF Exhibit 29 (USAO-000570)

38. Photograph of ATF Exhibit 29 (USAO-000571)

39. Photograph of ATF Exhibit 29 (USAO-000572)

40. Photograph of ATF Exhibit 29 (USAO-000573)

41. Photograph of ATF Exhibit 29 (USAO-000574)

42. Photograph of ATF Exhibit 30 (USAO-000575)

43. Photograph of ATF Exhibit 30 (USAO-000576)

44. Photograph of ATF Exhibit 30 (USAO-000577)

45. Photograph of ATF Exhibit 30 (USAO-000578)

46. Photograph of ATF Exhibit 30 (USAO-000579)

47. Photograph of ATF Exhibit 31 (USAO-000580)

48. Photograph of ATF Exhibit 31 (USAO-000581)

49. Photograph of ATF Exhibit 31 (USAO-000582)

50. Photograph of ATF Exhibit 31 (USAO-000583)

51. Photograph of ATF Exhibit 31 (USAO-000584)

52. Photograph of ATF Exhibit 32 (USAO-000585)

53. Photograph of ATF Exhibit 32 (USAO-000586)

54. Photograph of ATF Exhibit 32 (USAO-000587)

55. Photograph of ATF Exhibit 32 (USAO-000588)

56. Photograph of ATF Exhibit 32 (USAO-000589)

57. Photograph of ATF Exhibit 32 (USAO-000590)

58. Photograph of ATF Exhibit 33 (USAO-000591)

59. Photograph of ATF Exhibit 34 (USAO-000592)

60. Photograph of ATF Exhibit 34 (USAO-000593)

61. Photograph of ATF Exhibit 35 (USAO-000594)

62. Photograph of ATF Exhibit 38 (USAO-000595)

63. Photograph of ATF Exhibit 38 (USAO-000596)

64. Photograph of ATF Exhibit 38 (USAO-000597)

65. Photograph of ATF Exhibit 38 (USAO-000598)

66. Photograph of ATF Exhibit 40 (USAO-000599)

67. Photograph of ATF Exhibit 40 (USAO-000600)

68. Photograph of ATF Exhibit 40 (USAO-000601)

69. Photograph of ATF Exhibit 40 (USAO-000602)

70. Photograph of ATF Exhibit 42 (USAO-000603)

71. Photograph of ATF Exhibit 42 (USAO-000604)

72. Photograph of ATF Exhibit 42 (USAO-000605)

73. Photograph of ATF Exhibit 42 (USAO-000606)

74. Photograph of ATF Exhibit 44 (USAO-000607)

75. Photograph of ATF Exhibit 44 (USAO-000608)

76. Photograph of ATF Exhibit 44 (USAO-000609)

77. Photograph of ATF Exhibit 45 (USAO-000610)

78. Photograph of ATF Exhibit 45 (USAO-000611)

79. Photograph of ATF Exhibit 45 (USAO-000612)

80. Photograph of ATF Exhibit 45 (USAO-000613)

81. Photograph of ATF NFC Czech Vz-61 (USAO-000614)

82. Photograph of ATF NFC Semi Mini Uzi (USAO-000615)

83. Photograph of ATF NFC Semi Mini Uzi (USAO-000616)

84. Photograph of ATF NFC Semi Mini Uzi (USAO-000617)

85. Photograph of ATF NFC Mini Uzi Machinegun (USAO-000618)

86. Photograph of ATF NFC Mini Uzi Machinegun (USAO-000619)

87. Photograph of ATF NFC Mini Uzi Machinegun (USAO-000620)

88. Photograph of ATF NFC Mini Uzi Machinegun (USAO-000621)

89. Photograph of ATF NFC Semi Uzi (USAO-000622)

90. Photograph of ATF NFC Uzi Machinegun (USAO-000623)

91. Photograph of ATF NFC Uzi Machinegun (USAO-000624)

92. Blue Ribbon Certification of Kimberley Rowland (USAO-000640)

93. Blue Ribbon Certification of Kenneth Mason (USAO-000652-653)

94. Gunbroker.com Certification

95. Photograph of House with Open Garage Door (USAO-000316)

96. Photograph of Garage and Shop Area (USAO-000323)

97. Photograph of Entry to Home Office (USAO-000343)

98. Photograph of Firearms on Floor of Office (USAO-000344)

99. Photograph of Computer Area in Home Office (USAO-000345)

100.   Photograph of Closet in Home Office (USAO-000350)

101.   Photograph of Firearms on Floor (USAO-000360)

102.   Photograph of Inside of Closet (USAO-000365)

103.   Photograph of Side of Garage (USAO-000366)

104.   Photograph of Bench with Tools in Garage (USAO-000372)

105.   Photograph of Parts on Bench (USAO-000375)

106.   Photograph of Wood Box with Supplies and Paint (USAO-000380)

107.   Photograph of Second Wood Box and Tank (USAO-000385)

108.   Photograph of Other Side of Garage (USAO-000390)

109.   Photograph of Kit in Storage Room (USAO-000403)

110.   Photograph of Parts on Desk (USAO-000404)

111.   Photograph of Rifle and Parts in Cabinet (USAO-000408)

112.   Photograph of Office Box with Folders (USAO-000423)

113.   Photograph of Full Garage Exit (USAO-000443)

## **LEGAL ISSUES**

I.   Expert witness testimony.

The Court ruled in its order dated March 11, 2016, that:

The government's firearms expert may testify as to whether and when the

Uzi parts kits in Counts I and II2 could be "readily restored" pursuant to 26

U.S.C. § 5845(b ). Such a factual conclusion could be attacked at trial in the

same manner as any other expert opinion, and would be neither a direct

opinion as to guilt or innocence, nor an improper conclusion regarding

Wick's mental state. See Fed. R. Evid. 704(b ). Assuming no professional

gunsmiths are seated as jurors, such testimony would also very likely be

helpful to a jury in understanding the facts of this case.

See Doc. 26 at 4.

It is anticipated that the government's firearms expert will testify twice

during the government's case in chief – once about ATF Exhibit 1 and a second

time after the remaining/recovered firearms have been introduced and admitted

into evidence. The government's firearms expert will not testify after each

additional firearm is introduced and admitted into evidence.

The defendant has not filed an expert witness disclosure or provided any reciprocal discovery as of today's date, March 23, 2016.

II.     Other machinegun parts.

The Court also addressed in its Order dated March 11, 2016, the issue of other machinegun parts evidence.    See Doc. 26 at 5-8.    Below is a very brief summary of the Court's order on the issue.

First, the Court was "not prepared to preemptively limit the evidence the government can offer at trial to those exhibits it mentioned in the Indictment." Doc. 26 at 5.   Second, the Court also determined that "[t]o the extent the government, in support of those counts in the Indictment alleging possession or transfer of receivers only … offers evidence of other gun parts allegedly included with those receivers by Wick in some sort of kit, that evidence is not objectionable on Rule 404(b) grounds because of the connection between the receivers and the parts articulated in the Indictment."    Doc. 26 at 15.    The court would view true "other acts" evidence at trial using Federal Rules of Evidence 404(b) and the balancing test from *United States v. Beckman*, 298 F.3d 778, 794 (9th Cir. 2002). Doc. 26 at 7.

Third, the Court reserved its ruling under Rules 401 and 403 regarding whether other gun parts are relevant to those subparts of Counts II and III

19

referencing receivers only. … the Court is inclined to admit such evidence. However, the Court will make a ruling upon hearing in context."   Doc. 26 at 7-8.

III.    Readily restorable definition.

As the Court noted and quoted in its March 11 Order, the Ninth Circuit has defined what readily restorable means in this context in *United States v. TRW Rifle 7.62x5lmm Caliber, One Model 14 Serial 593006*, 447 F.3d 686 (9th Cir. 2006):

> The *TRW Rifle* court held that, "for purposes of [26 U.S.C.] § 5845(b ), the plain and unambiguous ordinary meaning of 'readily' may be defined by a temporal component ('with fairly quick efficiency: without needless loss of time: reasonably fast') or a component related to a manner or methodology ('with a fair degree of ease: without much difficulty: with facility')." *Id*. at 690. Furthermore, the *TRW Rifle* court held that "restored" means "to bring back to or put back into a former or original state," which in turn "refers to the essential definition of a machinegun, that is whether it was ever capable of firing automatically more than one shot, without manual reloading, by a single function of the trigger." *Id*. at 691. Because the statute is unambiguous, courts should neither apply alternative definitions of "machinegun," *Id*. at 689 n. 4, nor read ambiguity into the statute in order to apply the rule of lenity. *Id*. at 692 n. 11.

Doc. 26 at 9.

## ANTICIPATED TRIAL TIME

The United States anticipates that the trial time in this case will be 3 to 4 days from jury selection to jury deliberation.   It is anticipated that the firearm recovery and retrieval witness (Nos. 7 through 20) testimony will be relatively brief as will the ATF personnel who conducted the record searches in this case (Nos. 21 and 22).

DATED this 23rd day of March, 2016.

MICHAEL W. COTTER
United States Attorney

/s/ Paulette L. Stewart
Assistant U.S. Attorney
Attorney for United States

21